IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>KRISTIN KIMO HENRY,<br><br>Debtor,<br><br>_____<br><br>CHAD BARRY BARNES,<br><br>Appellant,<br><br>vs.<br><br>KRISTIN KIMO HENRY, NIMA GHAZVINI, Successor Chapter 13 Standing Trustee,<br><br>Appellees. | CIVIL NO. 20-00327 JAO-RT<br><br>ORDER AFFIRMING BANKRUPTCY COURT'S ORDER GRANTING STANDING TRUSTEE'S REQUEST TO BE DISCHARGED |

**ORDER AFFIRMING BANKRUPTCY COURT'S ORDER GRANTING STANDING TRUSTEE'S REQUEST TO BE DISCHARGED**

After the Bankruptcy Court issued an order overruling Appellant Chad Barry Barnes's ("Appellant") objection to the Chapter 13 Standing Trustee's Final Report and Account, then-Chapter 13 Standing Trustee Howard M.S. Hu ("Trustee Hu") filed a request to be discharged. Appellant asks the Court to reverse the Bankruptcy Court's order granting Trustee Hu's request, which the Bankruptcy

Court issued before Appellant filed an opposition thereto. Appellant further seeks relief that goes well beyond the scope of the Bankruptcy Court's discharge of Trustee Hu, asking the Court to review the issues presented in 21 separate bankruptcy appeals and to recuse U.S. Bankruptcy Judge Robert J. Faris. The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("LR"). For the following reasons, the Court AFFIRMS the Bankruptcy Court's order and declines to exercise appellate review over Appellant's other appeals or entertain Appellant's request to recuse Judge Faris.

## I. BACKGROUND

### A. Facts

On November 3, 2014, Debtor Kristin Kimo Henry ("Debtor") filed a voluntary bankruptcy petition under Chapter 13. *In re Henry*, Bankr. Case No. 14-01475 (Bankr. D. Haw.) ("*Henry*"), Dkt. No. 1 at 1. Appellant filed a Proof of Claim on February 27, 2015, which he subsequently amended, in the amount of $1,292,600.00. *Henry*, Claim 5-1; *id.* Claim 5-2.

On August 28, 2019, Trustee Hu filed his Chapter 13 Trustee's Final Report and Account ("Final Report"), stating, among other things: the bankruptcy plan was confirmed and later modified; the case was completed; the bankruptcy estate

was fully administered; and all administrative matters for which the trustee was responsible had been completed. *Henry*, Dkt. No. 309 at 1–2.

On September 10, 2019, Appellant filed an Objection to the Final Report and Request for a Stay ("Objection"), arguing that approval of the Final Report was premature because of unresolved questions regarding Debtor's liability to Appellant. *See Henry*, Dkt. No. 312. No other parties objected to the Final Report. *See generally Henry* (docket report).

On September 16, 2019, the Bankruptcy Court overruled Appellant's Objection, noting that Appellant did not dispute that the Final Report satisfied legal requirements or that Trustee Hu completed his duties and was entitled to a discharge as trustee. *Henry*, Dkt. No. 315 at 4.

On July 20, 2020, Trustee Hu filed his Request to be Discharged. *Henry*, Dkt. No. 324.

On July 21, 2020, the Bankruptcy Court entered its Order Granting Standing Trustee's Request to be Discharged ("Discharge Order"). *Henry*, Dkt. No. 329.

**B.   Procedural History**

On July 23, 2020, Appellant commenced his appeal of the Discharge Order by filing a Notice of Appeal and Statement of Election. ECF No. 1-1.

On June 29, 2021, Appellant concurrently filed his Opening Brief that contained excess pages and his Motion to Exceed Word Limit. ECF Nos. 7 and 8.

3

The Court denied Appellant's Motion to Exceed Word Limit in an entering order issued on June 30, 2021. ECF No. 9. Appellant filed his Amended Opening Brief that same day. ECF No. 11.

On July 26, 2021, Trustee Hu filed his Answering Brief. ECF No. 11. Appellant filed his Reply Brief that same day. ECF No. 12.

On July 29, 2021, Debtor filed her Joinder in Trustee Hu's Answering Brief. ECF No. 13.

On August 9, 2021, Trustee Hu provided notice that Nima Ghazvini had replaced him as the duly appointed successor Chapter 13 standing trustee. ECF No. 14.

## II.  STANDARD OF REVIEW

The Court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *See United States v. Battley* (*In re Kimura*), 969 F.2d 806, 810 (9th Cir. 1992). A district court "must accept the bankruptcy court's findings of fact, unless the court is left with the definite and firm conviction that a mistake has been committed." *Decker v. Tramiel* (*In re JTS Corp.*), 617 F.3d 1102, 1109 (9th Cir. 2010) (internal quotation marks and citation omitted). "Mixed questions of law and fact are reviewed de novo." *Id.* (internal quotation marks and citation omitted).

## III.   DISCUSSION

A.   **Whether the Bankruptcy Court Erred in Granting Trustee Hu's Request to Be Discharged**

Appellant does not argue that the Bankruptcy Court committed substantive legal error by issuing the Discharge Order; instead, Appellant argues that (1) the Bankruptcy Court should not have issued the Discharge Order before providing Appellant an opportunity to respond; and (2) the Debtor's bankruptcy case should remain open due to the pending appeals of various orders the Bankruptcy Court issued.  ECF No. 10 at 6–10.

The Bankruptcy Court did not err in issuing the Discharge Order.  Trustee Hu filed the Final Report and certified that the estate had been fully administered.  *Henry*, Dkt. No. 309.  The Bankruptcy Court overruled Appellant's Objection, which was the only objection raised.  *Henry*, Dkt. No. 315.  The Bankruptcy Court's Discharge Order was therefore proper.  *See Sepehry-Fard v. U.S. Tr.*, 829 F. App'x 270, 271 (9th Cir. 2020) ("The bankruptcy court properly discharged the chapter 13 trustee and closed [the debtor]'s case after the trustee filed a final report and account certifying that the bankruptcy estate had been fully administered." (citations omitted)); Fed. R. Bankr. P. 5009(a) ("If . . . the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United

States trustee or a party in interest, there shall be a presumption that the estate has been fully administered.").

Nor did the Bankruptcy Court err in issuing the Discharge Order without providing Appellant an opportunity to respond. In the Discharge Order, the Bankruptcy Court found the matter suitable for disposition without a hearing, as it was allowed to do pursuant to Local Rule. *Henry*, Dkt. No. 329 (citing LR 7.1(c) ("Unless specifically required, the court may decide all matters, including motions, petitions, and appeals, without a hearing."); Local Bankruptcy Rule ("LBR") 1001-1(d) ("In any case or proceeding, the court may direct that . . . certain local general or civil rules of the district court be made applicable.")). Appellant cited no authority that prevents a bankruptcy court from issuing an order discharging the standing Chapter 13 trustee before the deadline for parties in interest to respond has expired, and the Court has not located any such authority.

Appellant argues that the Bankruptcy Court disregarded LBR 9013-1(c)(2) by issuing the Discharge Order before Appellant's time to respond had expired. ECF No. 10 at 7. Under LBR 9013-1(c)(2), "[a]ll responses to the motion must be filed and served on the moving party not less than 14 days before the hearing date." LBR 9013-1(c)(2). This rule imposes a time limit for parties to respond to motions, but nothing in this rule prevents a court from taking action on a motion before receiving responses from opposing parties.

The only case Appellant cites in support of his contention that the Bankruptcy Court erred in issuing the Discharge Order before Appellant responded is *In re Johnson*, Nos. 98-24882, ADV. NO. 99-0065, 1999 WL 528653 (Bankr. W.D. Tenn. July 16, 1999), which is inapposite.  In *In re Johnson*, the district court, "limiting its ruling to the facts of this case," held that "the debtors' motion to reinstate their chapter 13 case was not effectively granted until entry of the order." *In re Johnson*, 1999 WL 528653, at *4.  Just as LBR 9013-1(c)(2) contains no provision prohibiting a judge from granting a motion before receiving a response, nothing in *In re Johnson* lends support to this proposition.

Appellant explains that he seeks to keep the bankruptcy case open[1] because the Bankruptcy Court may be required to modify its previous decisions in the event that Appellant prevails in one or more of his pending appeals.  ECF No. 10 at 9.  Appellant cites no law — nor could the Court identify any law — that states that a bankruptcy court must refrain from discharging the trustee when an appeal is pending.  In any event, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).  The pendency of additional bankruptcy appeals is therefore not a basis to reverse the Bankruptcy Court's Discharge Order.

---

[1] "After an estate is fully administered and the court has discharged the trustee, the court shall close the case."  11 U.S.C. § 350(a).

7

The Court thus concludes that the Bankruptcy Court did not err in issuing the Discharge Order.

**B.     Whether the Bankruptcy Court Erred in Concluding that the Ninth Circuit Lifted the Stay It Previously Imposed**

In his Notice of Appeal, Appellant raises the issue of whether the Bankruptcy Court erred in concluding that the Ninth Circuit lifted the stay it previously imposed on the Bankruptcy Court.  ECF No. 4-2 at 3.  Yet, there is no mention of this issue in the Amended Opening Brief or the Reply Brief.  *See generally* ECF Nos. 10, 12.  Appellant therefore waived any argument relating to this issue.  *See Bobka v. Toyota Motor Credit Corp.*, 586 B.R. 470, 474–75 (Bankr. S.D. Cal. 2018) (holding that an appellant waived an issue by failing to present argument relating to that issue in her opening or reply briefs (citing *Meehan v. Ocwen Loan Serv. LLC* (*In re Meehan*), 659 F. App'x 437, 438 (9th Cir. 2016))).

**C.     Appellant's Request for the Court to Review Issues Raised in Separate Appeals**

Appellant takes a misdirected buckshot approach to this appeal by raising tangential issues that he unsuccessfully launched in at least one of his other appeals.  In his Amended Opening Brief, Appellant "ask[ed] to broaden the scope of this appeal to include other prior orders."  ECF No. 10 at 6.  Specifically, the Appellant stated that he is "hopeful" that the Court "will address the Constitutional question [he] has repeatedly raised throughout the proceedings," and find that the

8

"discharge injunction . . . be found not to apply to [Appellant]." *Id.* The Court will not comb through the voluminous record in the bankruptcy proceeding and each of the 21 additional appeals arising therefrom in search of "Constitutional question[s]." There is no apparent connection between the subject of this appeal — the legality of the Bankruptcy Court's Discharge Order — and the "Constitutional question[s]" that may have arisen earlier in the case. U.S. District Judge Derrick K. Watson aptly rejected a similar request in another one of Appellant's bankruptcy appeals:

> [N]o attempt is made to connect [Appellant's unrelated] argument to the orders being appealed in these Bankruptcy Appeals or the orders that were the subject of the motion for reconsideration. This Court will not perform that work for [Appellant]. As a result, the Court declines to further address any of the arguments [Appellant] raises in his opening brief that are not connected clearly to the orders being appealed here.

*Barnes v. Henry*, No. 19-cv-00211-DKW-RT, 2020 WL 184522, at *7 (D. Haw. Jan. 13, 2020) (footnote omitted). The Court likewise limits its review to the Discharge Order that is the subject of this appeal.

### D. Appellant's Request That the Court Recuse Judge Faris

Appellant requests that the Court recuse Judge Faris, but provides no legal or factual basis justifying Judge Faris's recusal. Instead, Appellant engages in innuendo: "[The Discharge Order] was not a casual procedural mistake or an inadvertent calendaring issue. [Appellant] previously requested Judge Faris recuse

9

himself and he declined to do so. [Appellant] asks the reviewing judge to revisit that specific prior requests [sic] that Judge Faris recuse himself and this renewed request[.]" ECF No. 10 at 9–10. As with the attempt to broaden the scope of this appeal, Appellant made this same recusal argument before Judge Watson. *See Barnes*, 2020 WL 184522, at *2–3. And, as before, the recusal argument fails. *See id*. at *3 ("[Appellant's arguments] are principally based upon either legal rulings made by the Bankruptcy Court or his speculation that the Bankruptcy Court has animus toward his counsel or is biased in favor of opposing counsel. Neither is a basis for recusal." (citing *Liteky v. United States*, 510 U.S. 540, 555–56 (1994); *Sivak v. Hardison*, 658 F.3d 898, 926 (9th Cir. 2011)); *see also Carnduff v. U.S. Dep't of Educ.* (*In re Carnduff*), BAP No. WW-0701362-DMkMo, 2008 WL 8444798, at *8 (B.A.P. 9th Cir. Mar. 11, 2008) (explaining that the court's failure to recuse itself is reviewed under the plain error standard when the issue is raised for the first time on appeal (citations omitted)). The record before the Court does not even remotely evince any basis to disqualify Judge Faris from the ongoing saga of this case. The Court therefore denies Appellant's request that it recuse Judge Faris.

## IV. CONCLUSION

For the reasons set forth above, the Court AFFIRMS the Bankruptcy Court's July 21, 2020 Order Granting Standing Trustee's Request to be Discharged. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, September 20, 2021.



Jill A. Otake
United States District Judge

CV 20-002327 JAO-RT; *Chad Barry Barnes v. Kristin Kimo Henry, et al.*; ORDER AFFIRMING BANKRUPTCY COURT'S ORDER GRANTING STANDING TRUSTEE'S REQUEST TO BE DISCHARGED